UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Nos. 12-30042 |
| ) | 13-30082 |
| RONALD W. EVANS, JR., ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

On July 25, 2014, the Court held the sentencing hearing for Defendant Ronald W. Evans, Jr. The Government appeared by Assistant United States Attorney Timothy A. Bass. Defendant appeared in person with his attorney, Wilbert Anthony Willoughby. The Court denied Defendant's request that he receive an offense-level reduction based on his role in the offense. The Court sentenced Defendant to 12 months' imprisonment to be followed by 2 years of supervised release, with six months of the supervised release term to be served as home confinement. The basis for the sentence was stated at the hearing and is stated herein.

## I. BACKGROUND

On April 10, 2013, a Third Superseding Indictment was filed against Defendant and Defendant's wife Regina R. Evans in Case No. 12-30042. Count 1 charged Defendant and Regina Evans with Conspiracy to Defraud the United States, including the Illinois Department of Commerce and Economic Opportunity (DCEO). Counts 2, 3, and 4 charged Defendant and Regina Evans with wire fraud. Count 5 charged Regina Evans with Money Laundering. Count 6 charged Defendant with Money Laundering. Counts 7, 8, 9, 10, 11, and 12 charged Defendant and Regina Evans with Money Laundering.

On August 1, 2013, Defendant appeared before me and pleaded guilty to Counts 2 and 8 of the Third Superseding Indictment pursuant to a plea agreement. The Government agreed to make a motion at the time of sentencing to dismiss Counts 1, 3, 4, 6, 7, 9, 10, 11, and 12 in regard to Defendant and agreed to recommend a sentence not greater than the low end of the Sentencing Guideline range. The Government also reserved the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the advisory guideline

range pursuant to United States Sentencing Guideline § 5K1.1 and 18 U.S.C. § 3553(e) if Defendant provides substantial assistance in the investigation or prosecution of other criminal offenses.

On June 11, 2011, Defendant was charged by Information in the Northern District of Illinois with three counts of filing materially false income tax returns with the Internal Revenue Service. On September 25, 2013, a Superseding Information was filed adding a Count 4 charging Defendant with concealment of assets during bankruptcy proceedings.

On October 16, 2013, Defendant consented to a Rule 20 transfer of that case to this district. United States District Judge Mathew F. Kennelly for the Northern District of Illinois dismissed Counts 1 and 2 of the Superseding Information on the motion of the Government and transferred the case to this Court.

On November 4, 2013, Defendant appeared before me, waived indictment, and entered an open plea of guilty to Counts 3 and 4 of the Superseding Information in Case No. 13-30082.

The United States Probation Office prepared a Presentence Investigation Report calculating a Total Offense Level of 22 and a

Criminal History of Category I, resulting in an advisory Guideline Range of 41 to 51 months' imprisonment.

## II. ANALYSIS

**A. The Court Denied Defendant's Request for a Two-, Three-, or Four-Level Reduction to His Offense Level Based on Defendant's Role in the Offense**

In the Sentencing Commentary, Defendant argued that he was entitled to a two-, three-, or four-level reduction to his offense level based on his limited role in the offense. This Court denied that request.

United States Sentencing Guideline § 3B1.2 provides that a defendant who is a minimal participant in any criminal activity should receive a four-level decrease while a defendant who is a minor participant should receive a two-level decrease. U.S.S.G. § 3B1.2. Someone who falls in the middle should receive a three-level decrease. Id. A defendant must prove by a preponderance of the evidence that he is substantially less culpable than the average participant in the offense. United States v. Saenz, 623 F.3d 461, 466-67 (7th Cir. 2010).

The Application Notes explain that a minimal participant includes "defendants who are plainly among the least culpable of

those involved in the conduct of a group." U.S.S.G. § 3B1.2 Application Note 4 (also providing that a lack of knowledge or understanding of the scope and structure of the enterprise and activities of others are indicative of a minimal participant). A minor participant is one who is less culpable than most other participants but whose role could not be described as minimal. U.S.S.G. § 3B1.2 Application Note 5. The determination is made by comparing the defendant to the average participant, not the leaders. United States v. Leiskunas, 656 F.3d 732, 739 (7th Cir. 2011) (noting that "the court should have evaluated [the defendant's] role in context of the other participants in the scheme, keeping in mind that a minor player is substantially less culpable than the average participant, not the leaders").

Defendant argued his only participation was as a spouse who signed checks at the direction of Regina Evans. Defendant asserted that it was Regina Evans who attended all meetings with DCEO and conducted all negotiations. Defendant also asserted he lacked knowledge of the scheme.

However, Defendant was more than a minimal or minor participant, as evidenced by his testimony at Jeri Wright's trial. See

Case No. 13-30030, Transcript, d/e 74.[1] According to Defendant's own testimony, Defendant (1) knew each time he was asked to sign a check for the various individuals that the proceeds were coming from grant funds and that, despite the notation that the checks were for payroll, the individuals had not done anything in regard to the grant (Tr. pp. 319, 352); (2) continued to sign checks for things having nothing to do with the grant (Tr. p. 323); (3) went to the bank with Ashley Simon to cash a payroll check and to get money back from her; although he would not accept the cash back from her, he testified that he knew the check was paying Simon for work she never did, that part of the proceeds were going into his and Regina's personal account, and that the balance in cash was going to be returned to Regina Evans (Tr. pp. 344-46); (4) agreed that all of the decisions he made to sign checks he made knowing that the checks were made out to people who had done no work, and that part of the money went into his and Regina's personal account (Tr. p. 367); (5) admitted that he made his decision to sign checks and spend the grant money voluntarily and without force of any kind

---

[1] Prior to sentencing, the Court provided the parties with copies of Defendant's testimony at Wright's trial.

(Tr. p. 367); and (6) admitted he was aware of the contents of the documents, including the application document, and was aware at the time that the representations were false (Tr. pp. 367-68). See United States v. Algood, 19 F. App'x 419, 431 (7th Cir. 2001) (affirming the district court's denial of a § 3B1.2 reduction where the defendant participated in the scheme by committing repeated acts over a period of time and had extensive knowledge of the scheme); but see Leiskunas, 656 F.3d at 739 (playing a necessary role or repeatedly committing a minor act does not definitively prevent a defendant from being a minor participant). Therefore, Defendant is not entitled to a minimal or minor participant reduction.

**B.     A Sentence of Imprisonment of 12 Months, Followed By A Two-Year Term of Supervised Release With Special Conditions, is Sufficient, But Not Greater Than Necessary, to Comply With the Sentencing Purposes Set Forth in § 3553**

The Guidelines are advisory, and this Court is required to exercise its discretion in determining Defendant's sentence. See United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a). Having first calculated Defendant's advisory Guideline range, this

Court then considered the factors set forth in 18 U.S.C. § 3553(a) before determining an appropriate sentence.

> Section 3553(a) provides as follows:
>
>> (a) Factors to be considered in imposing a sentence. — The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider —
>> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>> (2) the need for the sentence imposed–
>>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>> (B) to afford adequate deterrence to criminal conduct;
>>> (C) to protect the public from further crimes of the defendant; and
>>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>> (3) the kinds of sentences available;
>> (4) the kinds of sentence and the sentencing range established for–
>>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
>>> * * *
>> (5) any pertinent policy statement–

> \* \* \*
>> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Taking into account the advisory Guideline range of 41 to 51 months and the factors set forth in § 3553(a), this Court found that a total term of 12 months' imprisonment and two years of supervised release (with six months of the term to be served as home confinement) was sufficient, but not greater than necessary, to comply with the sentencing purposes set forth in the statute.

The Court found that while Defendant did know that what he was doing was wrong, Defendant pleaded guilty early in the case and cooperated with the Government. Defendant's cooperation was crucial to obtaining the convictions of Regina Evans, Ricky McCoy, and Jeri Wright, as evidenced by the Government's § 5K1.1 motion and Attorney Bass's statements at the Sentencing Hearing.

Defendant has no criminal history, and the conduct in the case appears to be an aberration. The Court was impressed with

the testimony provided on Defendant's behalf, particularly Defendant's former patrol partner, Shawn McGavock.

The Court considered the kinds of sentences available, including probation, and the sentences imposed on the other individuals involved in the scheme. The Court concluded that a sentence of 12 months' imprisonment, followed by two years of supervised release (with six months of the supervised release term to be served as home confinement), was sufficient but not greater than necessary, to comply with the purposes of § 3553(a)(2). Such sentence took into cooperation Defendant's cooperation, his acceptance of responsibility, and the aberrant nature of his conduct while at the same time adequately deterring criminal conduct, reflecting the seriousness of the offense, promoting respect for the law, and providing just punishment.

### III. CONCLUSION

For the reasons stated at the sentencing hearing and herein, the court DENIED Defendant's request for a reduction to his offense level based on his role in the offense. After considering the case file, the statements of Defendant's witnesses, the relevant Guideline provisions, the relevant statutory sentencing factors, Defendant's

Sentencing Commentary, the arguments of counsel, the letters submitted, and Defendant's statements at the sentencing hearing, the Court found the following sentence was sufficient but not greater than necessary to achieve the purposes of § 3553(a).

> **Case No. 12-30042-002:** A period of 12 months' imprisonment on Counts 2 and 8 to run concurrent to all counts of conviction to be followed by a two-year term of supervised release on each of the counts to run concurrent. Restitution in the amount of $917,194 is ordered payable to the Illinois Department of Commerce and Economic Opportunity, to be ordered jointly and severally with co-defendant, Regina Evans. Restitution is due immediately. Upon release from confinement, Defendant shall make monthly payments of at least 30% of his disposable income per month during the entire term of supervised release or until the restitution obligation is paid in full.

> **Case No. 13-30082-001:** A period of 12 months' imprisonment on Counts 3 and 4 to run concurrent to all counts of conviction to be followed by a one-year term of supervised release on Count 3 and a two-year term of supervised release on Count 4 to run concurrent to all counts of conviction.

The Court also imposed special conditions of supervised release, as stated at the hearing, which included six months of home confinement. Defendant will be allowed to work during his home confinement.

Defendant does not have the ability to pay a fine, and no fine was imposed. The Court noted that the amount of loss in Case No. 13-30082 was $322,493 but, at the request of the Government, the Court did not order restitution. A special assessment of $400, payable immediately, was imposed. The Court recommended Defendant serve his sentence at Terminal Island or, as a second choice, Taft. On motion of the Government, Counts 1, 3, 4, 6, 7, 9, 10, 11, and 12 in Case No. 12-40042-002 were DISMISSED.

Defendant waived his appeal rights in Case No. 12-30042-002. Appeal rights on Case No. 13-30083 were given. Defendant was ordered to self-report to the Bureau of Prisons on September 8, 2014. Release conditions previously established continue to apply. Defendant admonished that the failure to report for service of the sentence is a criminal offense.

ENTER: July 30, 2014

FOR THE COURT:

                            s/Sue E. Myerscough
                            SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE